UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Raymond W. Carter, #284096 | ) | No.: 6:07-3481-GRA-WMC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Warden White, Nurse NFN Brown, | ) | |
| Dr. Alewine; Medical Department | ) | |
| at BRCI, in their individual and | ) | |
| official capacities. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on September 18, 2008 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to 42, U.S.C. § 1983.  On March 3, 2008, the defendants filed a motion for summary judgment. By order filed on March 4, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 3, 2008, the plaintiff filed his opposition to the motion.  On September 18, 2008, Magistrate Judge Catoe issued a Report and Recommendation recommending that this case be dismissed.  The plaintiff filed objections to this report on or about September 26, 2008.

### Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  The plaintiff has offered four objections to the magistrate's Report and Recommendation.

### Objections

**a. Deliberate Indifference**

Broadly, the plaintiff asserts that the magistrate erred as with regards to his finding that the that defendants had not been deliberately indifferent to his medical needs. The plaintiff agues that his medical treatment has been repeatedly delayed, and that he should have been referred to the specialist sooner. However, such complaints fail to rise to level of deliberate indifference necessary to a substation an Eighth Amendment challenge.

"Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). In order to show deliberate indifference, "a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk." *Webb v. Hamidullah*, 281 Fed.Appx. 159, 165 (4th Cir. 2008) (citing *Farmer v. Brennan,* 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Furthermore, the fact that a medical professional "been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir.1990).

The plaintiff fails to meet this standard. The plaintiff's medical records indicate

that he was seen on multiple instances by the medical staff of BRCI. Additionally, the plaintiff was referred to and treated by two outside specialists and his spine remains stable. At best, the plaintiff has a disagreement with medical staff over the proper treatment plan. However, even assuming that the plaintiff is correct, negligence or malpractice in medical services does not constitute an Eighth Amendment violation actionable under §1983. Accordingly, the plaintiff's objection is without merit.

b. **Violation of South Carolina Prison Regulations**

The plaintiff further alleges that the conduct of the defendant's was in violation of the South Carolina Department of Corrections own procedures. Specifically, he alleges that nurses were allowed to administer care as opposed to doctors. However, a failure to comply with state regulations does, standing alone, constitute valid grounds for a § 1983 action. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). Accordingly, the issue before the court is "not whether state law has been violated but whether an inhabitant of a State has been deprived of a federal right by one who acts under 'color of any law.'" *Screws v. U.S.*, 325 U.S. 91, 108, 65 S.Ct. 1031, 1038 (1945). Thus, the plaintiff's assertion that the defendants violated SCDC procedures, standing alone is not sufficient to bring a § 1983 action.

c. **Respondeat Superior**

Additionally, the plaintiff argues that the non-medical personnel should be liable under a theory of *respondeat superior*. Specifically, the defendant argues that because he filed an administrative complaint and an appeal, prison authorities either knew or

should have known of that the defendant's Eighth Amendment rights were being violated. However, this alone is not sufficient to support a cause of action for under § 1983.

In order to establish a cause of action under §1983, the plaintiff must prove three things. First, the plaintiff must establish that the supervisor had actual or constructive knowledge that a subordinate engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.). Second, the plaintiff must demonstrate that the supervisor's response was deliberately indifferent or a tacit authorization of the subordinate's conduct. *Id.* Finally, the plaintiff must demonstrate an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Id.*

As the magistrate points out, in order to hold a party liable under §1983 for the actions of their subordinates, the plaintiff must first demonstrate that the subordinates violated his Constitutional rights. Thus in this instance the plaintiff's claim against Warden White is dependant upon his claims against Nurse Brown and Dr. Alewine. Accordingly, because the plaintiff has not sufficiently demonstrated an underlying Constitutional violation.  *See supra.*

### d. **Qualified immunity**

The plaintiff next contends that the magistrate erred in recognizing the qualified immunity of the defendants. The plaintiff argues that qualified immunity is lost when an official violates an established Constitutional right. The plaintiff further alleges that

because of his visits to sick call and administrative complaints, the defendants had actual knowledge of the alleged constitutional violations.  However, as with the dismissal of his *respondeat superior* claim, the plaintiff has not sufficiently established an underlying constitutional violation.

As the magistrate notes, qualified immunity analysis is a two stage process. First, the plaintiff bears the burden of establishing the defendants violated his constitutional rights.  *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Henry v. Purnell*, 501 F.3d 374, 377 -378 (4th Cir. 2007); *Bryant v. Muth,* 994 F.2d 1082, 1086 (4th Cir.1993).  Second, if a valid constitutional claim is shown, the defendant bears the burden of demonstrating that the right not  was clearly established at the time of the violation*.  Wilson v. Kittoe,* 337 F.3d 392, 397 (4th Cir.2003).  A court need not address a claim for qualified immunity unless the underlying constitutional claim is first established.  *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).  Thus, because the plaintiff has failed to establish that a constitutional violation the court does not need to address the issue of qualified immunity.[1]

---

[1] There is some disagreement between courts as to whether a failure of the first prong of the qualified immunity analysis– violation of a constitutional right–means that the defendant is entitled to qualified immunity or that the case is dismissed without the need for qualified immunity to be invoked.  The Forth Circuit appears to hold that when a plaintiff fails to satisfy the first prong of qualified immunity analysis, the case is to be dismissed for failure to state a claim.  *Henry v. Purnell*, 501 F.3d 374, 378 n.3 (C.A.4 (Md.),2007) (noting that in *Morse v. Frederick,* --- U.S. ----, 127 S.Ct. 2618, 2624 & n. 1 (2007), the Supreme Court  declined to decide the case on qualified immunity grounds because no constitutional violation occurred).

**Conclusion**

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

Wherefore, based upon the foregoing, defendants' MOTION FOR SUMMARY JUDGEMENT is GRANTED .

IT IS SO ORDERED

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

November 6, 2008

**NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.

Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**